

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# Simpson Juan v. Susan Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3304

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Simpson Juan v. Susan Sanchez" (2009). *2009 Decisions.* Paper 1224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3304
_____

SIMPSON JUAN,
                              Appellant

v.

SUSAN SANCHEZ, in her official and individual capacity as Deputy Court
Administrator, Plainfield Municipal Court; GALLAGHER, in his official and
individual capacity as supervisor of Plainfield Police Department, Detective Bureau; J.
FURDA, in his official and individual capacity as detective of Plainfield Police
Department; CITY OF PLAINFIELD, a municipal corporation; PLAINFIELD POL
DEPT; GEORGE ALEMEZOHU, acting under color of law; JEAN DUPONT,
conspirator acting with person acting under color of law; MUHLENBERG REGIONAL
MEDICAL CENTER, a private corporation; ORLANDO BORRERO, a private actor
and employee of Muhlenberg Regional Medical Center; DAVID E. JOHNSON, Jr., in
his official capacity as director of the Office of Attorney Ethics; MANNY GERSTEIN,
in his official and individual capacity as Secretary of District VIII, Middlesex County
of Office of Attorney Ethics; FEE O'BRIEN, Esq., in his official and individual
capacity as Administrator of Civil Mediation, Superior Court, Middlesex County

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-05405)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2009
Before: MCKEE, HARDIMAN and ROTH, Circuit Judges

(Opinion filed:    June 5, 2009)

_____

OPINION

_____

PER CURIAM

This case began with a workplace altercation. The altercation led to litigation, which led to more litigation, which led to still more litigation. Which brings us to the current lawsuit. In November 2007, Simpson Juan filed suit against those involved in the initial altercation as well as the subsequent litigation, claiming numerous violations of federal and state law.[1]

Three groups of defendants each filed a motion to dismiss.[2] After a hearing in June 2008, the District Court granted those motions, holding that the claims were variously barred by res judicata, applicable statutes of limitation, some defendants' immunities, and Juan's failure to state a claim upon which relief can be granted. Juan filed a motion for reconsideration and a motion for summary judgment. A last group of defendants filed a motion to dismiss. In addition to filing a response to that motion, Juan moved for leave to file another amended complaint and sought default judgment against

_____

[1] As the parties are familiar with the facts, we will discuss them only as they become necessary to our analysis.

[2] After some of the defendants filed a joint motion to dismiss, Juan filed a response and an amended complaint that was substantially similar to his original complaint. That group of moving defendants filed another brief, seeking dismissal of the amended complaint. Also, after Juan filed his amended complaint, he sought to voluntarily dismiss four defendants, which the District Court allowed.

one defendant. After another hearing (in July 2008), the District Court granted the defendants' motion, holding that the complaint was barred by relevant statutes of limitations, the failure to state a claim, and immunity grounds, and denied Juan's motions. Juan appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the orders dismissing the complaint and denying summary judgment is plenary. See Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). We review the orders denying the motion for reconsideration, the motion for default judgment, and the motions for leave to amend for abuse of discretion. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985); Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989); Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

We will affirm the District Court's judgment because the District Court properly dismissed the complaint. As the District Court did, we will first consider the claims against defendants David E. Johnson, Jr., the Director of the New Jersey Office of Attorney Ethics, and Manny Gerstein, the District VIII Ethics Committee Secretary.[3]

---

[3]In his complaint, Juan asserted that counts six (for a violation of 42 U.S.C. § 1983) and seven (for a violation of 42 U.S.C. § 1981) of his complaint were against a defendant he did not serve (the New Jersey Office of Attorney Ethics, or "Defendant Ethics"). Amended Complaint ¶¶ 22, 166, & 184. However, in other allegations of those counts, he described the actions (or inaction) of Gerstein (although did not mention Johnson). He included both defendants in the twelfth count of his claim (a claim for intentional infliction of emotional distress against all defendants), although he did not include further allegations against either of them. We will consider that he attempted to sue both defendants in each of the three counts.

3

Juan takes issue with Gerstein's refusal to docket an ethics complaint Juan sought to file against counsel who represented him in an assault case stemming from the initial altercation. First, Juan did not allege that Johnson was involved in the decision not to docket the complaint. Also, as the District Court concluded, the applicable two year statute of limitations, see Wilson v. Garcia, 471 U.S. 261, 278-80 (1985); Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 24 (3d Cir. 1989); Cardena v. Massey, 269 F.3d 251, 255 (3d Cir. 2001) (citing Goodman v. Lukens Steel Co., 482 U.S. 652, 662 (1987)); N.J. Stat. Ann. § 2A:14-2; Fraser v. Bovino, 721 A.2d 20, 26 (N.J. Super. Ct. 1998), expired before Juan filed his federal complaint. Juan alleged that Gerstein did not docket the ethics complaint on January 10, 2005, "and thereafter," or after his former counsel filed a response on January 14, 2005. Complaint ¶¶ 45, 46, 176, 177, 189, & 190. While such allegations, on their face, might have left the District Court with a question about when exactly the alleged wrong occurred, Juan, in his response to Johnson's and Gerstein's motion to dismiss, conceded that Gerstein refused to docket the ethics complaint on February 3, 2005. Response to Johnson's and Gerstein's Motion to Dismiss 8 & Ex. 50. Juan filed his § 1983, § 1981, and state law claims based on this refusal more than two years later, in November 2007. Accordingly, the claims against Johnson and Gerstein were properly dismissed as barred by the applicable statute of limitations.

Next, we consider the ruling in favor of Muhlenberg Regional Medical Center and two of its employees, Orlando Burrero and Jean Dupont (together, the "Muhlenberg

4

defendants"). Ostensibly pursuant to 42 U.S.C. §§ 1983 and 1985, Juan sued Dupont in count one and three respectively, noting that Dupont was present during the workplace altercation, and claiming that Dupont testified falsely in the subsequent municipal court trial by saying that he did not see George Almezohu hit Juan.[4] Juan also named Dupont in count two (in which he cites 42 U.S.C. § 1981), but he does not include any specific allegations against him in that count. Repeating that Dupont testified falsely, Juan includes Dupont in a malicious prosecution charge in count 11. Dupont is also named as a defendant to the abuse of process claim in count 13. Juan reprised the references in 42 U.S.C. §§ 1981 and 1985 in counts nine and ten, respectively (also citing a litany of Constitutional provisions, parts of the New Jersey constitution, and New Jersey criminal statutes in the former), in which he named Borrero and Muhlenberg Regional Medical Center. He claimed that he sent Borrero six subpoenas by certified mail and that Borrero called him to tell him that the subpoenas had been improperly served.[5] Juan also described his efforts to use a process server, who was turned away by an unnamed hospital attorney because the suit was not related to the hospital. He alleged that his first civil suit against Alemezohu was dismissed because of the Muhlenberg defendants'

---

[4]Juan and his colleague, Alemezohu, whom Juan named as a defendant in this suit, cross-filed assault charges. The municipal court found both parties not guilty.

[5]After the municipal court trial, Juan instituted two civil suits, a malpractice action against his attorney, and civil complaint against Alemezohu. After the civil suit against Alemezohu was dismissed after a trial, Juan sued Alemezohu again, as well as the Muhlenberg defendants and others.

5

interference with his right to subpoena witnesses. Apparently because of their actions, the Muhlenberg defendants are also cited in count 12, the claim for intentional infliction of emotional distress.

Without considering any other infirmities of the claims, we conclude, as the District Court did in one alternative basis for their dismissal, that they are barred by the doctrine of res judicata. Res judicata encompasses two preclusion concepts – issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 77 (1984). As the District Court determined by comparing Juan's complaint with his previous state actions, see Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004), Juan included the same allegations against the same parties in a state civil suit. "Certification" in Support of the Muhlenberg defendant's motion to dismiss, Ex. A (state court complaint), 16-17, 19-20, 26-29, Ex. B (amended complaint), 50, 53-54, 61-65, 66. In that state civil suit, the court dismissed the complaint with prejudice for failure to state a claim against DuPont and entered judgment in favor of the other Muhlenberg defendants. Id. at Exs. C & D. Although Juan did not present his claims as civil rights claims in the state court, "42 U.S.C. § 1981," "42 U.S.C. § 1983," and "42 U.S.C. § 1985," are just new labels on old claims. To the extent that Juan included other claims that were not copied verbatim from

6

his state court complaint, they nonetheless relate to the same cause of action, see United States v. Athlone Industries, Inc., 746 F.2d 977, 984 (3d Cir. 1984) (describing how we define cause of action for purposes of res judicata analysis), and could have been litigated in his state suit. For these reasons, the District Court properly dismissed the claims as to the Muhlenberg defendants.

The District Court also was correct to dismiss the claims against John Furda, a police detective in Plainfield, New Jersey, for failure to state a claim upon which relief can be granted. Juan claimed Furda violated 42 U.S.C. § 1983 and 42 U.S.C. § 1986 and intentionally inflicted emotional distress, because Furda took no action in the face of Juan's allegations to him that witnesses and Alemezohu's counsel committed perjury and similar offenses at his assault trial.[6] First, Furda does not appear to be a person authorized by statute to act on Juan's complaint. See N.J. Court Rules 7:2-1(a) (incorporating N.J. Stat. § 2B:12-21). Even if he had the discretion to act, we agree with the District Court that Juan did not state a claim upon which relief can be granted for Furda's decision not to prosecute the alleged offenses.

Furthermore, the District Court did not abuse its discretion in denying Juan's

---

[6]In relation to 42 U.S.C. § 1983, Juan listed Furda as a defendant in a claim for "negligent screening, hiring, training, supervising – disciplinary retention of discriminatory police officers and municipal court employee." However, his related allegations focused on another defendant and did not include any mention of Furda. Accordingly, to the extent that Juan sought to bring a negligent hiring suit against Furda, it failed.

7

motion for reconsideration of the order dismissing the complaint against the defendants discussed. A motion for reconsideration should be used "to correct manifest errors of law or fact or to present newly discovered evidence," see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), not to restate already rejected arguments, which is what Juan did in his lengthy brief.

The District Court properly dismissed the claims against Susan Sanchez, Sergeant Gallagher, the City of Plainfield ("Plainfield"), and the Plainfield Police Department (collectively, the "Plainfield defendants"). In counts one, two, and three of his complaint, Juan sued Plainfield and Sanchez under 42 U.S.C. §§ 1981, 1983, and 1985 in relation to actions surrounding the filing of a criminal complaint against him before October 13, 2004, the municipal court hearing of October 13, 2004, and the municipal prosecutor's decision before the hearing not to prosecute Alemezohu for assault. Juan named Plainfield, Sanchez, and Gallagher in count four, claiming "an action for neglect to prevent" under 42 U.S.C. § 1986 on the general basis that they knew of discrimination against him and took no action. Specifically, he alleged that he served a subpoena duces tecum on Sanchez, who then produced documents. He also stated that he went to the Plainfield Municipal Court to file a criminal complaint and he was referred to the police. He claimed he also wrote a letter to a Plainfield Municipal Court judge and did not get a response. In count five, he sued Plainfield, Gallagher, and Sanchez for unspecified negligence in screening, hiring, training, disciplining, and retaining police officers and

Sanchez herself. In count 11, Juan sued Sanchez and Plainfield for malicious prosecution relating to the institution of the assault prosecution against him, which concluded with a not-guilty verdict in October 2004. Juan's intentional infliction of emotional distress claim in count 12 was also brought against the Plainfield defendants.

The Plainfield defendants press us to affirm the District Court's conclusion that the claims against them are barred by res judicata, citing the District Court's statement at the June hearing that "[w]ith regard to all counts, it seems to me that the doctrine of res judicata applies." Transcript of hearing of 6/9/08, 27. However, at that hearing, the District Court was discussing the doctrine of res judicata in relation to the claims in all counts against the Muhlenberg defendants. We conclude that the doctrine of res judicata (which the Plainfield defendants did argue to the District Court) bars at least one of Juan's claims, but we also approve the District Court's actual reasons, which were presented at the end of the July hearing.

Specifically, the applicable two-year statute of limitations, see supra, bars the claims in counts one, two, and three, all arising from actions occurring more than two years before Juan filed his complaint. Juan did not plead facts in his complaint to state a claim in counts four and five. As the District Court concluded, the allegations against the Plainfield defendants do not state a claim for intentional infliction of emotional distress, either.

It is not entirely clear that the District Court separately addressed the eleventh

9

count of the complaint before dismissing it. However, we conclude that the dismissal was proper. See Erie Telecomms. v. Erie, 853 F.2d 1084, 1089 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record). As to Sanchez, the claim is barred by res judicata. In New Jersey state court, Juan named Sanchez in a civil action that included a malicious prosecution claim arising from the same set of facts. See "Certification" in Support of the Muhlenberg defendant's motion to dismiss, Ex. A (state court complaint), 1, 5-9; 19-20, 26-29, Ex. B (amended complaint), 32, 37-42. The state court dismissed the action. See id. at Ex. F, 43. As to Plainfield, Juan did not state a claim. Although Juan listed Plainfield as a defendant to the eleventh count of his complaint, he included no specific allegations of wrongdoing by Plainfield.

Once the District Court dismissed the complaint as to all the Plainfield defendants, the District Court properly denied as moot Juan's motion for summary judgment against the Plainfield defendants.

Furthermore, the District Court did not abuse its discretion in declining to award Juan a default judgment against Almezohu (who never responded to the complaint). The matter of whether to enter default judgment "is left primarily to the discretion of the district court." Hritz v. Woma Corp., 189 F.2d 242, 244 (3d Cir. 1984). The claims against Almezohu, whom Juan sued in his dismissed state court civil action, are barred by the defense of res judicata. Accordingly, the District Court did not abuse its discretion. See Jorden, 877 F.2d at 251 (citing Hritz).

10

The District Court also did not abuse its discretion in denying Juan's motions for leave to amend his complaint (again). Although leave to amend should be freely given, a district court may deny a request to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other part[ies]." Lake, 232 F.3d at 373. In his proposed amended complaint, Juan sought to bring mostly the same claims as he advanced previously (and which were properly dismissed by the District Court, as we have explained). Furthermore, he requested leave to amend late in the proceedings, after many of the defendants had been dismissed and while a motion to dismiss other defendants was pending. Lastly, Juan's attempts to repeatedly litigate the same claims suggest bad faith. Accordingly, the District Court had ample reason to deny Juan's motion for leave to amend. (The District Court also properly concluded that Juan's other motion for leave to amend was moot, as Juan withdrew it on the record after noting that a later motion superseded it.)

For the reasons given above, we will affirm the District Court's judgment.